**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ELBERT SCOTT,

    Petitioner,                               Civil No. 2:07-CV-10396
                                                HONORABLE PAUL D. BORMAN
v.                                              UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO AMEND THE PETITION
FOR WRIT OF HABEAS CORPUS AND (2) HOLDING IN ABEYANCE THE
PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING
THE CASE.**

      Elbert Scott, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 25, 2007, in which he challenges his convictions for first-degree murder, M.C.L.A. 750.316; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner has now filed a motion to amend the petition for writ of habeas corpus to add an ineffective assistance of appellate counsel claim that was not included in the original petition. Petitioner has also filed a motion to stay the proceedings and hold the petition in abeyance while he returns to the state courts to exhaust this claim. For the reasons that follow, the petitioner's motions will be GRANTED.

**I. The motion to amend the habeas petition.**

      Fed. R. Civ. P. 15(c)(2), as made applicable to habeas corpus proceedings by 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(2), and Habeas Corpus Rule 11, allows a habeas petitioner to amend

his habeas petition with "leave of court" any time during the proceedings. *Mayle v. Felix,* 545 U.S. 644, 655 (2005). Before a responsive pleading has been served, as is the case here, pleadings may be amended once as a "matter of course," *i.e.*, without seeking leave of the court. *Id.* Amendments made after a statute of limitations has run can relate back to the date of the original pleading if the original and amended pleadings "arise out of the conduct, transaction, or occurrence." *Mayle,* 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664.

The ineffective assistance of appellate counsel claim that petitioner seeks to add belongs to the same common core of operative facts as his original habeas petition. Although the ineffective assistance of appellate counsel claim is based on a new theory of relief, it arises from the same facts as the original habeas petition, in which petitioner alleges that he was deprived of the effective assistance of trial counsel. Petitioner's proposed ineffective assistance of appellate counsel claim is based on appellate counsel's alleged failure to properly present his ineffective assistance of trial counsel claim on his direct appeal with the Michigan Court of Appeals. Therefore, the original and amended petitions would be based on the same common core of operative facts, and Rule 15(c)'s relation back principles would apply to prevent the ineffective assistance of appellate counsel claim from being untimely pursuant to 28 U.S.C. § 2244(d)(1)'s statute of limitations. *See Pratt v. Upstate Correctional Facility,* 413 F. Supp. 2d 228, 237 (W.D.N.Y. 2006). The Court will therefore grant petitioner's motion to amend the petition to add the ineffective assistance of appellate counsel claim.

**II. The motion to stay the proceedings and hold the petition in abeyance.**

Petitioner has also asked the Court to hold the petition in abeyance to permit him to return to the state courts to exhaust his ineffective assistance of appellate counsel claim.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004). A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See e.g. Coleman v. Metrish,* 476 F. Supp. 2d 721, 732 (E.D. Mich. 2007).

In his motion to stay the proceedings, petitioner admits that his ineffective assistance of appellate counsel claim is unexhausted. Petitioner's method of exhausting his ineffective assistance of appellate counsel claim would be by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq. See Tucker v. Renico,* 317 F. Supp. 2d 766, 773-74 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493

(5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). Where a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269 (2005).

Petitioner states that his appellate counsel was ineffective for failing to properly present his ineffective assistance of trial counsel claim on his direct appeal. On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). Several judges in this district have held that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Chambers v. White,* 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006); *Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, * 2 (E.D. Mich. September 2, 2005). Moreover, petitioner would have good cause for failing to exhaust his ineffective assistance of appellate counsel claim, because post-conviction review would be his first opportunity to raise this claim in the Michigan courts. *See e.g. Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004);

4

*Tucker,* 317 F. Supp. 2d at 773. Furthermore, petitioner's claim does not appear plainly meritless. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See e.g. Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

Accordingly, it is **ORDERED** that petitioner's motion to amend the habeas petition is GRANTED.

IT IS FURTHER ORDERED that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims. The petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

**SO ORDERED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: July 5, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 5, 2007.

        s/Denise Goodine
        Case Manager