UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT SCOTT,

       Petitioner,                             Civil No. 2:07-10396
                                                        HONORABLE PAUL D. BORMAN
v.                                             UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

       Respondent,
_____/

### OPINION AND ORDER DENYING MOTION FOR ADDITIONAL TIME TO REINSTATE THE PETITION FOR WRIT OF HABEAS CORPUS AND TO FILE AN AMENDED HABEAS PETITION

On July 5, 2007, this Court entered an opinion and order granting petitioner's motion to stay the proceedings and to hold his habeas petition in abeyance to allow petitioner to return to the state courts to exhaust additional claims that he had failed to exhaust prior to filing his habeas petition. The Court also administratively closed the case. The Court conditioned the stay upon petitioner returning to federal court within sixty days of the completion of his state post-conviction proceedings. *Scott v. Lafler*, No. 07-10396, 2007 WL 2002731 (E.D. Mich. July 5, 2007).

On February 22, 2012, petitioner filed a Motion for Additional Time to File an Amended Petition with this Court, in which he seeks an additional thirty days to file an amended petition to re-instate his case with this Court by late March 2012. For the reasons that follow, the motion is DENIED.

In his motion for additional time to file an amended petition, petitioner indicates that his state post-conviction proceedings were completed in the Michigan courts on December 28, 2011.

1

Under the terms of the Court's original order, petitioner would have until February 27, 2012 to timely seek reinstatement of his original habeas case. In his motion, petitioner indicated that he had needed assistance from a fellow inmate to assist him with the preparation of his amended petition. Petitioner requested a thirty day extension of time to file his amended petition with this Court, promising that he would have his amended petition filed with this Court by March of 2012. A review of this Court's docket sheet, however, shows that no such amended petition was ever filed with this Court. It is now late July, 2012, 150 days after petitioner filed the instant motion, and 120 days after petitioner's requested deadline of March 29, 2012.

Although a federal district court has the power to extend the stay of a habeas petition, *See e.g. Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005), this Court declines to do so because petitioner never filed his amended petition with this Court by March of 2012, as promised by petitioner. To continue to give petitioner additional time to file his amended habeas petition with this Court would thwart the Supreme Court's admonishment that district courts, when holding a habeas petition in abeyance, "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber,* 544 U.S. 269, 278 (2005).

**IT IS HEREBY ORDERED** that the motion for additional time to file an amended petition [Dkt. # 8] is **DENIED.**

**SO ORDERED.**

DATED: 7-20-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

2